UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITE AID OF MICHIGAN, INC.;
THRIFTY PAYLESS, INC.; and RITE AID
OF PENNSYLVANIA, LLC,

        Plaintiffs,

vs.                                                            Case No.:

RA2 BATTLE CREEK L.L.C; RA2
HINES, L.L.C; PVP CASTOR, LLC; PVP
KREWSTOWN, LLC; RA2 TROY, L.L.C;
RA2 BISHOP, L.L.C; RA2 BOISE-
FAIRVIEW L.L.C; RA2 BOISE-
OVERLAND L.L.C; FI 135 BATTLE
CREEK, LLC; F1 135 HINES, LLC; FI
135 CASTOR PHILADELPHIA, LLC; FI
135 KREWSTOWN PHILADELPHIA,
LLC; FI 135 TROY, LLC; 487 MORRIS
ASSOCIATES, LLC; and
ABC CORPORATIONS 1-10,

        Defendants.
_____/

## COMPLAINT FOR INTERPLEADER

Plaintiffs Rite Aid of Michigan, Inc., Thrifty Payless, Inc., and Rite Aid of Pennsylvania, LLC ("Plaintiffs"), by way of Complaint for Interpleader allege as follows against Defendants: RA2 Battle Creek L.L.C.; RA2 Hines, L.L.C.; PVP

Castor, LLC; PVP Krewstown, LLC; RA2 Troy, L.L.C.; RA2 Bishop, L.L.C.; RA2 Boise-Fairview L.L.C.; RA2 Boise-Overland L.L.C.; FI 135 Battle Creek, LLC; F1 135 Hines, LLC; FI 135 Castor Philadelphia, LLC; FI 135 Krewstown Philadelphia, LLC; FI 135 Troy, LLC; 487 Morris Associates, LLC; and ABC Corporations 1-10.

## PARTIES

1. Plaintiff Rite Aid of Michigan, Inc., is a Michigan Corporation that maintains its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011.

2. Plaintiff Rite Aid of Pennsylvania, LLC is a Pennsylvania Limited Liability Corporation, and is a citizen of Pennsylvania, maintaining its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011.

3. Plaintiff Thrifty Payless, Inc. is a California Corporation that maintains its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania 17011.

4. Defendants RA2 Battle Creek L.L.C.; RA2 Hines, L.L.C.; PVP Castor, LLC; PVP Krewstown, LLC; RA2 Troy, L.L.C.; RA2 Bishop, L.L.C.; RA2 Boise-Fairview L.L.C.; RA2 Boise-Overland L.L.C. (the "**RA2 Claimants**") are each special purpose entities, purportedly owned by or for the benefit of Richard J. Sabella, and managed by Allerand Capital, L.L.C.  The RA2 Claimants purport

to own real properties leased to Plaintiffs and claim to be entitled to rent payments for those properties as follows:

    a.    RA2 Battle Creek L.L.C. is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458. RA2 Battle Creek L.L.C. purports to own the property located at 1434 W Michigan St., Battle Creek, MI 490 ("**Battle Creek, MI Property**") and is, upon information and belief, a citizen of Florida.

    b.    RA2 Hines, L.L.C. is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458. RA2 Hines, L.L.C. purports to own the property located at 629 N Hwy 20, Hines, OR 9778 ("**Oregon Property**"), and is, upon information and belief, a citizen of Florida.

    c.    PVP Krewstown, LLC is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458. PVP Krewstown, LLC purports to own the property located at 9280 Krewstown Road, Philadelphia, PA 19115

("**Krewstown, Philadelphia Property**"), and is, upon information and belief, a citizen of Florida.

    d.    PVP Castor, LLC is, upon information and belief. a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458.  PVP Castor, LLC purports to own the property located at 7972 Castor Avenue, Philadelphia, PA 19152 ("**Castor, Philadelphia Property**"), and is, upon information and belief, a citizen of Florida.

    e.    RA2 Troy, L.L.C. is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458.  RA2 Troy, L.L.C. purports to own the property located at 2971 W. Maple Road, Troy, MI 48084 ("**Troy, MI Property**"), and is, upon information and belief, a citizen of Florida.

    f.    RA2 Bishop, L.L.C. is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458.  RA2 Bishop, L.L.C. purports to own the property located at 1374 Rocking W. Dr., Bishop, CA 93514 ("**California Property**"), and is, upon information and belief, a citizen of Florida.

      g.    RA2 Boise-Fairview L.L.C. is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458.  RA2 Boise-Fairview, L.L.C. purports to own the property located at 10600 W Fairview Ave, Boise, ID 83713 ("**Fairview, Boise Property**"), and is, upon information and belief, a citizen of Florida.

      h.    RA2 Boise-Overland L.L.C is, upon information and belief, a Delaware limited liability company that maintains its principal place of business at c/o Allerand Capital, L.L.C., 675 West Indiantown Road, Jupiter, Florida 33458.  RA2 Boise-Overland, L.L.C. purports to own the property located at 5005 W Overland Drive, Boise, ID 83705 ("**Overland, Boise Property**"), and is, upon information and belief, a citizen of Florida.

    5.    The following Defendants: FI 135 Battle Creek, LLC; F1 135 Hines, LLC; FI 135 Castor Philadelphia, LLC; FI 135 Krewstown Philadelphia, LLC; and FI 135 Troy, LLC (the "**FI Claimants**"), are, upon information and belief, each Michigan limited liability companies, owned and/or managed by Bloomfield Capital Asset Management, LLC. The FI Claimants purport to be a lender that own certain security interests in the Battle Creek, MI Property; the

5

Oregon Property; the Castor, Philadelphia Property; the Krewstown, Philadelphia Property; and the Troy, MI Property. Upon information and belief, the FI Entities are citizens of Michigan.

6. 487 Morris Associates, LLC ("**487 Morris**") is, upon information and belief, a Delaware limited liability company that maintains its principle place of business at 5621 Strand Boulevard, Suite 209, Naples, Florida 34110. 487 Morris purport to be a lender and own certain security interests in the California Property; the Fairview Boise Property; and the Overland, Boise Property. Upon information and belief, 487 Morris is a citizen of Florida.

7. ABC Corporations 1-10, are companies, currently unknown to Plaintiffs, that may purport to have an interest in the properties and/or mortgages.

## **JURISDICTION AND VENUE**

8. The Court possesses jurisdiction over this action under 28 U.S.C. § 1335, because this action involves the rights to certain rent payments valued at more than $500 (described further below), which is contested among multiple claimants that are of diverse citizenship (Florida and Michigan).

9. Venue is proper in this District under 28 U.S.C. § 1397, because at least one of the claimants in this action resides in the Eastern District of Michigan, in particular, in Oakland County, Michigan.

## FACTUAL BACKGROUND

A. **Plaintiffs' Leases**

10. This action relates to eight properties: (1) the Battle Creek, MI Property; (2) the Oregon Property; (3) the Krewstown, Philadelphia Property; (4) the Castor, Philadelphia Property; (5) the Troy, MI Property; (6) the California Property; (7) the Fairview, Boise Property; and (8) the Overland, Boise Property (together, the "**Properties**").

11. Plaintiffs entered into leases for the Properties from one of the RA2 Claimants.

12. The underlying leases for each of the Properties were entered into in August 1998. The leases for seven of the eight Properties expire in September 2025, but can be extended through August 2030. The term for the lease for the California Property is currently month-to-month.

13. Plaintiffs' rent obligation for the Properties depends on each lease, ranging from $16,203 to $36,300 per month. Thus, for the remainder of the term of the leases, Plaintiffs face potential liability of around $178,761.00 per year.

B. **The Loans and Residual Value Insurance Policies**

14. At around the same time as Plaintiffs entered into their leases, the RA2 Claimants borrowed money from lenders and entered into a Promissory

7

Note and Mortgage and Security Agreement, with respect to each of the Properties (the "**Loans**").

15. On information and belief, the RA2 Claimants were required under the Loans to make monthly payments to the lender, followed by a balloon payment of the remaining amount of the Loans to be due on the maturity date of the Loans.

16. On information and belief, as part of the Loans, the RA2 Claimants also executed Assignments of Lease and Rents ("**ALRs**"), which required the rent payments for the Properties to be used to service the debt under the Loans and provided that, upon a Loan default by the RA2 Claimants, the lender could step into the RA2 Claimants' shoes and exercise the right to collect and receive all rent payments from the RA2 Claimants' tenants, i.e., Plaintiffs.

17. On information and belief, as a condition to the Loans, the RA2 Claimants also were required to obtain a Residual Value Insurance Policy from Financial Structures Limited ("**FSL**"), to secure the RA2 Claimants' obligation to make the balloon payment.

18. On information and belief, under the Residual Value Insurance Policies, if the RA2 Claimants failed to make the balloon payments, the lender could submit a claim to FSL for the unpaid amount. FSL would then pay the

claim and FSL would be subrogated to the lender's rights under the Loan, with the lender assigning the Loan and the ALR to FSL or its designated entity.

19. On information and belief, at that point FSL could functionally become the lender and claim it is entitled to enforce the terms of the ALR, including collecting rent from Plaintiffs.

20. On information and belief, as part of the transaction, Plaintiffs, along with the lender and the RA2 Claimants, entered into a Consent Agreement for each of the Properties, which directed Plaintiffs to pay rent to the lender and to follow any rent direction instructions from the lender.

**C. Competing Demands for Plaintiffs' Rent Payments.**

21. On information and belief, the RA2 Claimants have failed to make the required balloon payments under the Loans with respect to each of the Properties.

22. As a result, on information and belief, the lenders made a claim of FSL for the balloon payment.

23. On information and belief, for each of the Properties, FSL made or the balloon payment and the lender assigned the Loan and the ALR to FSL (or a special purpose entity created by FSL for that purpose).

24. On information and belief, FSL assigned the Loans and ALRs for the California Property; the Fairview Boise Property; and the Overland, Boise Property to 487 Morris.

25. On or about March 25, 2021, Plaintiffs received letters from 487 Morris directing Plaintiffs to pay rent for the California Property; the Fairview, Boise Property; and the Overland, Boise Property to 487 Morris. A true and correct copy of the March 25, 2021 letters are attached as **Exhibit A**.

26. On information and belief, FSL assigned the Loans and ALRs for the Battle Creek, MI Property; the Oregon Property; the Castor, Philadelphia Property; the Krewstown, Philadelphia Property; and the Troy, MI Property, to the FI Claimants.

27. On or about June 23, 2021, Plaintiffs received letters from the FI Claimants, directing Plaintiffs to pay rent for the Battle Creek, MI Property; the Oregon Property; the Castor, Philadelphia Property; the Krewstown, Philadelphia Property; and the Troy, MI Property to the FI Claimants. True and correct copies of the June 23, 2021 letters are attached as **Exhibit B**.

28. On or about August 10, 2021, the RA2 Claimants sent Plaintiffs a letter, a true and correct copy of which is attached as **Exhibit C**, in which they purport to have filed court actions relating to the Battle Creek, MI and Troy, MI Properties, challenging the legality of the of the transactions by which the

FI Claimants purport to claim their right to rent payments for those two properties, including the assignment of the loans.

29. Upon information and belief, the lawsuits that two of the RA2 Claimants filed in Michigan, and which remain pending, are as follows: (i) *RA2 Troy L.L.C. v. FI 135 Troy, LLC,* Case No. 2021-189427-CB (Oakland County Cir. Court, Michigan); and (ii) *RA2 Battle Creek LLC v. FI 135 Battle Creek LLC, Case* No. 2021-0000002196-CB (Calhoun County Cir. Court, Michigan).

30. The RA2 Claimants also stated that they intend to file similar lawsuit with respect to the remaining Properties against both the FI Claimants and 487 Morris.

31. In their August 10, 2021 letter, the RA2 Claimants demanded that Plaintiffs immediately cease paying rent to the FI Claimants and 487 Morris with respect to the Properties and begin immediately paying rent to the RA2 Claimants for the Properties.

32. The RA2 Claimants also demand that Plaintiffs seek reimbursement of all rents previously paid to the FI Claimants and 487 Morris with respect to the Properties and to pay those amounts to the RA2 Claimants.

33. Upon information and belief, the FI Claimants and 487 Morris have disputed the validity of the transaction by which the current principals of the RA2 Claimants obtained their interest in the RA2 entities.

34.     Further, the FI Claimants and 487 Morris have disputed the RA2 Claimants' rent direction notices and have requested that Plaintiffs disregard the RA2 Claimants' rent direction notices and continue to pay rent to the FI Claimants and 487 Morris.  The FI Claimants and 487 Morris have pointed to the Consent Agreements, which give priority to the rent direction notices of the "lender."

35.     However, in the lawsuits filed by the RA2 Claimants, the RA2 Claimants have alleged that FSL's original purchase of the Loans and associated mortgage instruments was "void" and, therefore, and that the subsequent transfer of the Loans to the FI Claimants were void and that the FI Claimants are "not the holder[s] of the Mortgage[s]."   Upon information and belief, the RA2 Claimants will make similar allegations against 487 Morris in the lawsuits that it has threatened to file.

36.     Thus, the RA2 Claimants dispute whether the FI Claimants and 487 Morris can be considered the "lender" as that term is defined in the Consent Agreements entered into by Plaintiffs, the RA2 Claimants and the original lender.

37.     Thus, Plaintiffs are faced with competing demands for their rent payments, and the potential of liability to either the RA2 Entities or the FI Claimants / 487 Morris  if forced to choose to whom it should pay the rents.

38. Plaintiffs are innocent and neutral stakeholders in the dispute between the RA2 Entities, on the one hand, and the FI Claimants and 487 Morris on the other hand. Plaintiffs seek to avoid the prospect of liability because of Defendants' ongoing dispute with one another.

## COUNT I
## INTERPLEADER

39. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. Plaintiffs have acted in good faith in filing this interpleader action.

41. There is no collusion between Plaintiffs and any of the Defendants with respect to Plaintiffs' claims.

42. Plaintiffs are under an obligation under their respective leases to pay monthly rent.

43. Plaintiffs are unable to pay their monthly rent without subjecting themselves to the hazard of liability.

44. Pending the dispute between the RA2 Entities, on the one hand, and the FI Claimants and 487 Morris, on the other hand, regarding which entity is entitled to receive rent payments for the Properties, Plaintiffs desire to continue to comply with the terms of their leases and to continue to enjoy

their rights under the leases, including the quiet enjoyment of the use of the Properties, unimpeded and undisturbed by Defendants.

45. Plaintiffs will file a motion for the deposit of funds into court in accordance with Fed. R. Civ. P. 67 and E.D. Mich. LR 67.1, seeking to deposit with the court, their monthly rent payments for the Properties pending a resolution of the dispute between and among Defendants.

**WHEREFORE**, Plaintiffs respectfully demand judgment against Defendants, as follows:

(a) Directing Plaintiffs to deposit their rent payments for their respective leases for the Properties into the Court's registry pending a determination of Defendants' respective rights.

(b) Directing Defendants to interplead and file pleadings setting forth their asserted rights and claims to the rent payments under the Plaintiffs' leases.

(c) Restraining Defendants from instituting any action against Plaintiffs relating to the rent payments under the leases.

(d) Discharging Plaintiffs from liability for all matters in any fashion relating to the rent payments under the leases.

(e) Entering an Order awarding Plaintiffs' attorneys' fees and costs incurred in connection with bringing this action.

(f) Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Michael D. Weaver
**PLUNKETT COONEY, PC**
Michael D. Weaver, Esq.
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
Tel: 248-901-4000
Email: MWeaver@plunkettcooney.com

- and –

**GENOVA BURNS LLC**
James Bucci, Esq. (Admission pending)
Lawrence Bluestone, Esq. (Admission pending)
494 Broad Street
Newark, NJ 07102
Tel: 856-968-0686
Email: jbucci@genovaburns.com
Email: lbluestone@genovaburns.com

*Attorneys for Plaintiffs Rite Aid of Michigan, Inc.; Thrifty Payless, Inc.; and Rite Aid of Pennsylvania, LLC*

Open.P0151.P0151.27109348-1